FRUGE, Judge Ád Hoc.
This is a suit by Plaintiff against his vendor for the return of the purchase price of a certain automobile, and other damages. There is apparently no dispute as to the facts upon which'. Plaintiff’s demand is based. He purchased a. 1942 Oldsmobile Sedan Automobile from defendants on February 5,, 1948, and on or about July 19, 1948, after having driven the said Oldsmobile to Grand Rapids, Michigan, plaintiff discovered that it' was a stolen automobile and actually had never belonged to his vendor, as a result of which the Police Department of Grand Rapids, Michigan? took possession of the automobile from plaintiff and delivered it to The Travelers Insurance Company, who had acquired title to the same from the lawful owner, Tom Jones, from whom it was stolen, on the ‘payment of the theft loss under a policy of insurance which it carried on this vehicle. These facts are well established by the admissions of the parties and the testimony of the plaintiff, of Tom Jones and of F. H. Wagner, all taken by deposition in accordance with the stipulation dictated in the record, and are the facts as found by the Lower Court and contained in its written reasons for judg-ent. The defendants called their vendor, G. N. Gonzales, doing business as G. N. Gonzales Motors, in warranty and after a trial on the merits, judgment was rendered in favor of plajntiff and against the defendants for the sum of One Thousand Four Hundred Forty-five and No/100 ($•!,- 445.00) Dollars, together with legal interest thereon from July 19, 1948, until paid, and for all costs of court,' and in favor of defendants, Watts and Behrnes, a partnership of Huey B. Watts and Joseph H. Behrnes, and against their warrantor, G. N. Gonzales, doing business as G. N. Gonzales Motors, in the same amount. From this judgment both the defendants and warrantor, have appealed, and plaintiff has answered the appeal of the .defendants, asking that the judgment of the Lower Court be amended by increasing the amount therein allowed to plaintiff from -One Thousand Four Hundred Forty-five and No/100 ($1,445.00) Dollars to One Thousand Seven Hundred: Twenty-six and 25/100 ($1,726.-25) Dollars.
The law applicable to the facts here are the following Articles of the Revised Civil Code: ' ■ <■
Civil Code Articles 2452, 2506 and 2507 provide: ■ " '
“2452. Sale by one not owner void— Damages. — The "sale of a "thing belonging to another person is null; it may give rise to "damages, when the buyer knewnot that the thing belonged ,to another person.”
“2506. Eviction — Warranty . against— Buyer’s rights. — When there is, a promise of warranty, or when no stipulation, was. made on that subject, if .the buyer be evicted, he. has a right to .claim against the seller:
“1. The ‘ restitution of the price.
“2. That of the fruits or" revenues, when he is obliged to return them to the "owner who evicts him.
“3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought -by the original plaintiff.
“4. The damages, when he has suffered any, besides the price that he, has paid.
“2507. Eviction — Full purchase-price restored — Property suffering impairment in hands of buyer. — When, 'at the time of the eviction, the thing sold has lost any of' *114 its value, or is" considerably impaired,' either through the neglect of the buyer, or by any providential acts or unforeseen accidents, the seller is still .bound to the restitution of the full price.”
The Trial Court held that the plaintiff is entitled to the restitution of the purchase price of One Thousand Four Hundred Forty-Five and No/100 ($1,445.00) Dollars plus any-costs for damages which he has sustained under the* provisions of the above Articles. .Plaintiff contends that he has not received the equivalent- of the price' paid defendants for the automobile involved in this litigation and for that reason, under the expressed provisions of the above-quoted articles of the Civil Code, he is entitled to One Thousand Seven Hundred Twenty-Six and 25/100 ($1,726.25) Dollars, which is the cost of the automobile to him. This Court agrees with that contention., While it is true- that the sum of $281.25 would have been eliminated -.from the sale, if the sale was a cash sale, wé hold that even though this finance -carrying charge is not properly considered as a part of the purchase price, plaintiff is still entitled to recover this amount as an item of damage which he h-as sustained as a result of his purchase, as he is obligated to pay this amount as a portion of the note representing the credit portion of the purchase price which has been negotiated by the defendants to the Commercial Credit -Corporation. In other respects we agree with the Trial Court in its d-eniál of other items for the reasons therefor.
Under the same articles of the Code it appears that the defendants are entitled in their call of warranty to judgment in whatever amount they may be cast in.
Wit-h' reference to the demand -of G. N. Gonzales with his call in warranty as against Don R. Easton, we note that Easton had filed an exception to the jurisdiction ratione person», and the record is barren of any action taken by the Trial Judge with that phase of the case. For that reason we cannot consider same.
For the (reasons assigned the judgment of the District Court is hereby amended to the sum of One Thousand Seven Hundred Twenty-Six and 25/100 ($1,726.25) Dollars in favor of plaintiff and against-defendants, and that the same be likewise amended in favor of defendants against warrantor, G. N. Gonzales, d/b/a G. N. Gonzales Motors, for the same amount, and as amended, affirmed.