McBRIDE, Judge.
Plaintiff brings this suit against defendant for $1750, the purchase price of a-secondhand Chevrolet four door sedan, which plaintiff bought from defendant. In the court below there was judgment for plaintiff in the amount prayed for, and defendant has perfected this appeal.
Both parties are in the used automobile business, and on August 31, 1950 by written bill of sale plaintiff bought from defendant for $1750 the above-mentioned automobile, which bore Motor No. HAA402387. Defendant specifically warranted that he was the owner of the vehicle. On December 4, 1950, the automobile was taken away from plaintiff by the police who suspected that it was a stolen car; it was testified to by an officer of the Auto Theft Bureau that the motor number on the automobile had been tampered with, and that notwithstanding that Motor No. HAA402387 appeared on the vehicle, the original motor number was HAA404498.
Thurman Leonard of Birmingham, Alabama, by depositipn testified .that he owned the automobile and that about August 11, 1950 it was stolen from in front of his home, 707 So. 85th 'Street, some time between the hours of 11:00 p. m. and 5:00 a. m. About a .month afterward his insurer settled with him for the loss of the car by theft, and Leonard' assigned title to the car to the. insurer. The insurer ultimately recovered the automobile.
The only defense made is that plaintiff failed to show that the automobile in question was in fact a stolen car. We believe plaintiff has made a showing which convinces us that the car was owned by Leonard and was stolen from him and that his insurer ■ recovered the automobile through the efforts of the New Orleans Police Department. Leonard admits that he never physically examined the motor number, but he did state that it corresponded with that shown on the bill of sale by which he acquired title, and his testimony, we think, sufficiently identified the automobile.
The law is very plain to the'effect that under defendant’s' warranty, plaintiff, the evicted buyer, has the right to claim, as' against -his; vendor, full restitution of the *760 purchase price. LSA-C.C. art. 2506; Benezach v. Glaudi, 10 La.App. 746, 123 So. 144; Forrest v. Watts & Behrnes, La. App., 47 So.2d 112.
The judgment is affirmed.
Affirmed.
REGAN, J., absent; takes no part.